**STATE, ex rel. MILD, Relator-Appellee, v. YOUNGSTOWN (City), Respondents-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3828.   Decided March 28, 1956.

Joseph E. Julius, Youngstown, for relator-appellee.

Felix S. Mika, Director of Law, Frank J. Battisti, Joseph L. Heffernan, Asst. Directors of Law, Youngstown, for respondents-appellants.

## OPINION

By PHILLIPS, PJ.

Relator was appointed a patrolman in the Department of Police of respondent city on October 3, 1945.  On June 27, 1953, he was injured in the performance of his duty, and on the following day while on sick leave he was operating an automobile which came into collision with another automobile on a highway of respondent city, as a result of which relator was injured when not in the performance of his duty as a patrolman, and thereafter was absent from his post of duty until September 1, 1953, when his sick leave was cancelled.

On December 9, 1953, relator was placed on sick leave again, which second sick leave was cancelled on March 16, 1954, when he was removed from the payroll of the Department of Police of respondent city by writing on the assigned ground of inability to perform his duty as a patrolman because of the condition of his health.

On November 14, 1954, relator applied for reinstatement as a patrolman alleging that his health was such that he was and in the future would be able to perform the duties assigned to a patrolman in the Department of Police of respondent city.

Two medical doctors who examined relator recommended neurological examinations.  Thereafter relator's application for reinstatement was denied without further mental or physical examination.

In relator's action in mandamus filed in the court of common pleas

the trial judge found for relator and ordered that a preemptory writ of mandamus issue requiring and ordering respondents City of Youngstown and Paul H. Cress as Chief of the Department of Police thereof to restore relator to his office as patrolman and assign him to duty; that respondent Chief of Police certify to the Civil Service Commission of respondent city all salaries and emoluments of said position of patrolman due to relator from November 4, 1954, to October 18, 1955, at the rate of $356.95 per month; and that "the respondent members of the Civil Service Commission of said city approve such certification of relator's salary as submitted to it by said Chief of Police, and submit the same to the Finance Director of said City of Youngstown, Ohio, for payment to the relator; and, that all such acts and things be done by each of said respondents forthwith."

Respondent city appealed to this court from the judgment of the trial court on questions of law and fact.

Legally we are unable to hear and determine this appeal as one on questions of law and fact because "a mandamus proceeding is regarded as an action at law, as distinguished from a proceeding in equity, and for this reason it has been held that the action of mandamus does not constitute a chancery case within the purview of **Article 4, Section 6, Ohio Constituion.**" 25 O. Jur., **Mandamus, Section 4, Page 976.** See also **State, ex rel. Carson v. Board of Education, 115 Oh St 55.**

Accordingly, the words "and fact" are stricken from respondent's notice of appeal, and it appearing that a bill of exceptions and assignments of error and briefs were duly filed the appeal was retained, submitted, heard and will be determined as an appeal on questions of law only.

One of the commission's examining physicians testified on cross-examination that relator was physically fit to return to work, and there is no evidence that relator was found guilty of misconduct unbecoming a police officer. Another of the examining doctors testified that relator had a "slightly enlarged heart and hyperactive reflexes; that he was unstable in his reactions, and had an abnormal nervous system, but recommended to the Police Relief and Pension Fund a psychiatrist or neuro-surgeon for a further checking to determine if relator was physically fit otherwise "to perform duties of a police officer" as he was able to do so, so far as his heart was concerned.

If relator was injured in the performance of his duty as a patrolman clearly §143.35 R. C., enjoined a duty upon the Chief of the Department of Police to reinstate relator after he passed a physical examination.

There is no evidence that relator appealed to the Civil Service Commission within ten days from the cancellation of his sick leave nor review of his application for reinstatement to the position of patrolman, nor otherwise attempted to bring his case before the commission.

By assignments of error respondents contend the court of common pleas erred in the following respects:—

"1. In interpreting the testimony as to the physical condition of the relator.

"2. In interpreting and applying the permissive and mandatory pro-

visions of §143.35 R. C., as to reinstatement of a patrolman.

"3. In finding that the relator, although his disability was sustained otherwise than in the performance of duty, must be reinstated and assigned to duty.

"4. In overlooking the rule that mandamus should command the performance of the first act left unperformed by those administering the statute; hence, if the examination had not been made and the relator was entitled to any relief, the respondents should have been commanded to proceed with an examination."

We answer respondent city's second assigned ground of error first. In his opinion, in which we cannot concur, and to which respondent city refers in its second assigned ground of error, the trial judge said:—

"Where the word 'may' is used in connection with the exercise of power by a public official in a situation involving the public interest, as it does in this case, the permissive power becomes mandatory, and the word 'may' should be interpreted as 'must.' "

The required examination was made in compliance with law, which does not require neurological examinations.

As applicable §143.35 R. C., provides:—

"Any person holding an office or position under the classified service in a fire department or a police department who is separated therefrom due to injury or physical disability incurred in the performance of duty shall be reinstated immediately, or one suffering injury or physical disability incurred other than in the performance of duty may be reinstated, upon filing with the chief of the fire department or the chief of the police department, a written application for reinstatement, to the office or position he held at the time of such separation, after passing a physical examination showing that he has recovered from the injury or other physical disability. The physical examination shall be made by a licensed physician designated by the firemen's pension board or the policemen's pension board, within two weeks after application for reinstatement has been made, provided such application for reinstatement is filed within five years from the date of separation from the department, and further provided that such application shall not be filed after the date of service eligibility retirement."

The applicable portion of §143.35 R. C., provides that the Chief of Police may under certain conditions in his discretion reinstate relator who was injured when not performing any of his duties as a patrolman. Sec. 143.35 R. C., does not specifically enjoin a duty upon the Police Chief to perform a ministerial and non-discretionary act, not involving his judgment.

However, even if §143.35 R. C., did specifically enjoin the duty upon the Chief of Police to reinstate relator upon passing a physical examination, the evidence discloses that relator's ability to perform the duties of a member of the police department of the City of Youngstown has not been established.

In our opinion, in the absence of an abuse of discretion, which the evidence does not disclose, mandamus is not the remedy under the evidence in this case to control the discretion of the reinstating officer.

Reviewing all of the evidence, and the law applicable thereto, in this case carefully we conclude that the Chief of the Department of Police of the City of Youngstown is under the evidence in this case under no mandatory duty to restore plaintiff to the position in such department that he occupied when injured.

The judgment of the court of common pleas is reversed and final judgment is entered for respondents.

NICHOLS and GRIFFITH, JJ, concur in judgment.